**UNITED STATES of America, Plaintiff,**

v.

**$1,231,349.68 IN FUNDS, et al., Defendants.**

**Maria Aurora Sampedro and Laura Victoria Sampedro, Claimants.**

No. CIV.A.01–1725(PLF).

United States District Court, District of Columbia.

Sept. 26, 2002.

See, also, 227 F. Supp.2d 130.

Linda Otani McKinney, U.S. Attorney's office, Washington, DC, for plaintiff.

Coke Morgan Stewart, Washington Lawyer's Committee, Washington, DC, for defendants.

Coke Morgan Stewart, Washington Lawyer's Committee, Washington, DC, Peter Hugh White, Hunton & Williams, McLean, VA, for Jose M. Sampedro, claimant.

Coke Morgan Stewart, Washington Lawyer's Committee, Washington, DC, James Francis Hibey, Howrey Simon Arnold & White, LLP, Washington, DC, for Laura Victoria Sampedro, Maria Aurora Sampedro, claimants.

Mark A. Srere, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for C.P.F. Corp. claimant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on a petition for the release of seized property filed by claimants Maria Aurora Sampedro and Laura Victoria Sampedro. Plaintiff, the United States of America, has filed this action *in rem* to enforce provisions of 18 U.S.C. § 981(a)(1)(D), which allows for the forfeiture of proceeds traceable to bribery, in violation of 18 U.S.C. § 201; mail fraud, in violation of 18 U.S.C. § 1341; and program fraud, in violation of 18 U.S.C. § 666. Plaintiff also seeks to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), providing for the forfeiture of any property involved in or traceable to a violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957. Upon consideration of the arguments of the United States and of claimants, the Court grants claimants' petition in part and denies it in part.[1]

## I. BACKGROUND

The facts of this case have been summarized in the separate Memorandum Opinion and Order issued by the Court in this case this same day with respect to claim-

1. Claimants filed a counter-reply, and plaintiff filed a motion to strike the counter-reply or for leave to file a surreply. The Court has considered claimants' counter-reply and therefore denies the motion to strike the counter-reply and grants the motion for leave to file a surreply.

ant Jose Maria Sampedro. Jose Sampedro, who has been indicted in connection with the allegations related to this civil forfeiture action and subsequently arrested in Spain, is the husband of claimant Maria Sampedro and the father of claimant Laura Sampedro. Beginning on March 21, 2001, and continuing through the late summer of that same year, the FBI began seizing cash and personal and real property tied to Mr. Sampedro. Among the over $2.8 million in cash and numerous automobiles that were seized, the following three items were confiscated:

(i) one (1) 2000 Mercedes–Benz S500 automobile, bearing VIN WDBNG75J3YA052240 and Maryland tag GAJ–945, registered to Jose Maria Sampedro and Maria Aurora Sampredo;

(ii) one (1) 1999 Toyota RAV–4 automobile, bearing VIN JT3HP10V9X7134995 and Maryland tag M244 588, registered to Jose Maria Sampredo and Laura Victoria Sampredo; and

(iii) $59,666.32 in funds from Bank of America account # 003930704392 held in the name of Maria Aurora Sampedro Special Account for A & H International ("A & H account").

Amended Verified Complaint for Forfeiture *In Rem* ¶¶ 3(m), 3(n), 3(p). Claimants sent a letter to the FBI as authorized by 18 U.S.C. § 983(f) requesting the release of this property, but the FBI denied this request on July 12, 2001. Claimants therefore filed a petition under 18 U.S.C. § 983(f)(3) for the release of the property.

## II. DISCUSSION

■■■■ The Civil Asset Forfeiture Reform Act of 2000 sets forth four factors that the Court should weigh in considering a petition for the release of seized property:

(A) [whether] the claimant has a possessory interest in the property;

(B) [whether] the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C) [whether] the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D) [whether] the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding.

18 U.S.C. § 983(f)(1)(A)-(D). In addition, release of the seized property is authorized only if "none of the conditions set forth in paragraph (8) applies." 18 U.S.C. § 983(f)(1)(E). Paragraph (8) states that the property in question should not be released if it:

(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

(B) is to be used as evidence of a violation of the law;

(C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or

(D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8).

### A. Claimants' Possessory Interest in the Property

In their motion, claimants assert that they have a possessory interest in the

Mercedes–Benz, the Toyota RAV–4 and the $59,666.32 in the A & H account. The government does not dispute that claimants have a possessory interest in this property. This factor therefore is in favor of the claimants.

### B. Claimants' Ties to the Community

Claimants proffer that they have long-standing ties to the community such that the Court can be assured that the property will be made available for trial. Maria Aurora Sampedro has maintained a residence in Maryland for 22 years and is a United States citizen. Although she claims to have maintained a stable employment history, she currently is unemployed. Laura Victoria Sampredo attends college at New York University in New York City and resides with her mother in Maryland when not in school.

The government argued that claimants' ties to the community were tenuous because of Mr. Sampedro's fugitive status, suggesting that claimants may join Mr. Sampedro in Spain, especially in light of the fact that he presumably possesses about $8.5 million in proceeds from his various alleged illegal schemes. The government's arguments disputing the strength of claimants' ties to the community have been rendered largely moot, however, in light of Jose Sampedro's arrest in Spain and the resulting extradition proceedings. In the Court's view, claimants have significant ties to the community, and the government's fears that they may leave the United States and join Mr. Sampedro in Spain now are without substantial foundation. The Court therefore concludes that this factor tips in claimants' favor as well.

### C. Substantial Hardship to the Claimants

Claimants further assert that the seizure of the only two family-owned vehicles and the proceeds of the A & H account has caused them substantial hardship. With respect to the two automobiles, Mrs. Maria Sampedro contends that because her home is far away from either bus or Metro service, she needs a vehicle to carry out her day-to-day activities. Laura Sampedro claims to need her vehicle—the 1999 Toyota RAV–4—primarily for her summer employment when she returns to Maryland at the conclusion of each school year. The Court concludes that Mrs. Sampedro has made a showing of substantial hardship with respect to her vehicle. By contrast, Laura Sampedro has not made a showing of substantial hardship at the present time, but has demonstrated only that she may suffer some hardship this spring or summer when she returns from school.

With respect to the proceeds from the A & H account that were to be used by Mrs. Sampedro to start a travel agency, she has shown that her immediate plans were severely hampered (if not totally derailed), but she has not demonstrated substantial hardship. Mrs. Sampedro has not shown that she is precluded from securing employment elsewhere in order to meet any financial obligations. From 1985 to 1999, she held a position with a locally headquartered labor union and presumably has acquired skills that make her employable. Because claimants have not shown substantial hardship with respect to the funds in the A & H account, this factor weighs in favor of the government.

### D. Whether Claimants' Hardship is Outweighed by the Risk that the Property Will Be Destroyed, Damaged, Lost, Concealed, or Transferred

The nature of the property sought by claimants—two vehicles and a bank account—makes it easily "destroyed, damaged, lost, concealed, or transferred" during these proceedings. With respect to the two vehicles, however, the risk pre-

sented is minimal, particularly in view of claimants' ties to the community. When weighed against the hardship imposed by the government's seizure of the automobiles, this factor weighs in favor of the claimants. With respect to the bank account, however, this factor weighs strongly in the government's favor because of the ease with which cash can be transferred or otherwise disposed of. Indeed, Mrs. Sampedro has represented that she wishes to use the funds in the A & H account to start her travel agency. The likelihood that these funds, if released, will be unavailable for trial in these proceedings therefore is almost assured.

### E. Conditions Set Forth in Section 983(f)(8)

The conditions set forth in Section 983(f)(8) are not applicable to the two vehicles in question. The funds in the A & H account, however, seem to fall within the ambit of Section 983(f)(8)(A), which prohibits the release of property when it is "contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A). Claimants argue that the funds in the A & H account are legitimate business proceeds, but the government claims that these funds are traceable to Mr. Sampedro's alleged illegal activities. Claimants have failed to carry their burden of demonstrating that these funds are the proceeds of a legitimate business, see 18 U.S.C. § 983(f)(8)(B), and the Court therefore cannot permit the release of the A & H account to claimants.

### III. CONCLUSION

With respect to the 2000 Mercedes–Benz and the 1999 Toyota RAV–4, the Court concludes that these vehicles should be released to claimants. Claimants have a possessory interest in these automobiles and have demonstrated sufficient ties to the community. Maria Sampedro has demonstrated substantial hardship with respect to the Mercedes–Benz, and the risk that either vehicle will be destroyed, damaged, lost, concealed, or transferred during these proceedings is relatively low. These vehicles therefore should be released to claimants during the pendency of these proceedings.

With respect to the funds in the A & H account, claimant Maria Sampedro has shown that she has a possessory interest in the account and that she has sufficient ties to the community. The other factors—substantial hardship; risk that the property will be destroyed, damaged, lost, concealed, or transferred; and the condition set forth in Section 983(f)(8)(A)—all weigh against her and strongly in favor of the government. The Court therefore will not order that this property be released. For all of these reasons, it is hereby

ORDERED that claimants' petition for the release of property [19–1] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that plaintiff's motion to strike the counter-reply is DENIED [31–1]; it is

FURTHER ORDERED that plaintiff's motion for leave to file a surreply is GRANTED [31–2]; it is

FURTHER ORDERED that plaintiff shall release to claimants within fifteen (15) days of the date of this Order the following property:

(i) one (1) 2000 Mercedes–Benz S500 automobile, bearing VIN WDBNG75J3YA052240 and Maryland tag GAJ–945, registered to Jose Maria Sampredo and Maria Aurora Sampredo; and

(ii) one (1) 1999 Toyota RAV–4 automobile, bearing VIN JT3HP10V9X7134995 and Maryland tag M244 588, registered to Jose Maria Sampredo and Laura Victoria Sampedro; and it is

FURTHER ORDERED that claimants shall obtain and/or maintain insurance on these two vehicles in accordance with 18 U.S.C. § 983(f)(7)(A)(iii).

SO ORDERED.