**In Re: SEIZURE WARRANTS
ISSUED MARCH 27, 2008,
AND APRIL 23, 2008.**

Case Nos. 3:08–MJ–10, 3:08–MJ–17.

United States District Court,
N.D. West Virginia,
Martinsburg.

Nov. 5, 2008.

Gerard P. Martin, Rosenberg Martin Greenberg LLP, Stephen G. Jory, McNeer, Highland, McMunn & Varner, LC, Elkins, WV, for Defendant.

Thomas O. Mucklow, U.S. Attorney's Office, Martinsburg, WV, David J. Perri, Michael D. Stein, U.S. Attorney's Office, Wheeling, WV, for Plaintiff.

## ORDER DENYING PETITION FOR IMMEDIATE RELEASE OF SEIZED PROPERTY

JOHN PRESTON BAILEY, District Judge.

Pending before this Court is the Petition for Immediate Release of Seized Property (3:08–MJ–10 Doc. 19 / 3:08–MJ–17 Doc. 21), filed by St. Christopher Trucking, Inc. and Springlick Pallet, Inc. on July 2, 2008. In the Petition, the petitioners seek immediate release of certain funds seized from their accounts by the Government.

The parties agree that the disposition of this Petition is governed by 18 U.S.C. § 983(f)(1), which provides as follows:

(1) A claimant under subsection (a) is entitled to immediate release of seized property if—

(A) the claimant has a possessory interest in the property;

(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

(E) none of the conditions set forth in paragraph (8) applies.

For the purposes of the present Petition, the Government has elected not to contest the applicability of paragraphs (f)(1)(A) through (f)(1)(D), but rather opposes the Petition based upon the conditions set forth in paragraph (f)(8)(A), which provides as follows:

(8) This subsection shall not apply if the seized property—

(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized; . . . .

The petitioners essentially would have this Court restructure (8)(A) to read "the assets which have been seized from a legitimate business," in that they argue that the property is currency which constitutes the seized assets of a legitimate business. Such a construction would violate one of the cardinal rubrics of statutory construction: that is "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001), citing *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) and *United States v. Menasche*, 348 U.S. 528, 538–539, 75 S.Ct. 513, 99 L.Ed. 615 (1955).

Inasmuch as § 983 deals exclusively with seized property, using "which has been seized" to modify assets would render the phrase superfluous. The only reading of the statute which gives meaning to that phrase is by having it modify "legitimate business."

The petitioners rely on two reported cases to support their position, *Nexus Holdings, Inc. v. Dafcan Finance, Inc.*, 531 F.Supp.2d 839 (S.D.Ohio 2008) and *United States v. $1,231,349.68 in Funds*, 227 F.Supp.2d 125 (D.D.C.2002). In neither of those cases, however, does the court discuss the proper construction of § (8)(A).

In *Kaloti Wholesale, Inc. v. United States*, 525 F.Supp.2d 1067, 1070, fn. 2 (E.D.Wis.2007), the district court noted that "Section 983(f)(8)(A) authorizes me to order the return of currency of 'a legitimate business which has been seized.' 18 U.S.C. § 983(f)(8)(A). However, this provision would not apply, because the government did not seize the Kaloti business but merely a portion of its inventory."

In an article published in the ***Journal of Legislation*** entitled "The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties" the author notes that "[c]ertain types of property are specifically exempted from the 'hardship' provision, including contraband, currency (unless it is the property of a business that the government has seized), evidence of a criminal offense, or property designed or likely to be used to commit another criminal offense."

■ Based upon the wording of § (8)(A) and the cited authorities, this Court is of the opinion that currency may not be released to the claimant pending trial under the "hardship" provision, unless the legitimate business itself has been seized. Inasmuch as the businesses were not seized in this case, § (8)(A) prohibits this Court from releasing the property.

■ The petitioners also urge this Court to adopt a doctrine of "constructive seizure," asking the Court to find that seizure of the currency is tantamount to the seizure of the business. There appear to be no reported cases in which such a doctrine was applied. Inasmuch as these businesses have continued to operate and generate a profit for the past six months or more, this Court will not apply such a doctrine in this case.

For the reasons stated above, the Petition for Immediate Release of Seized Property (3:08–MJ–10 Doc. 19/3:08–MJ–17 Doc. 21) will be, and the same hereby is, **DENIED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all counsel of record herein.